**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **TRANCIT RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:19-cv-00209** |
| | ) | |
| | ) | |
| **PHILLIPS 66 COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR
INJUNCTIVE RELIEF AND JURY TRIAL**

Plaintiff, TRANCIT RODRIGUEZ ("Plaintiff" or "Rodriguez"), files his Complaint against Defendant, PHILLIPS 66 COMPANY ("Defendant" or "Phillips"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 et seq. ("FMLA"); and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* (hereinafter the "TCHR"), to redress Defendant's unlawful employment practices against Plaintiff, including discrimination, harassment, retaliation and Defendant's interference with and retaliation against Plaintiff for exercising Plaintiff's rights under the FMLA. Plaintiff alleges that Defendant engaged in an ongoing pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systemically, based on Plaintiff's disability.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the FMLA and the ADA claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

3.      This Court has supplemental jurisdiction over the TCHR claims pursuant to 28 U.S.C. §1367, as this action also involves state law questions regarding deprivation of Plaintiff's civil rights.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5.      Plaintiff, Rodriguez, is a citizen of the United States, and is, and was at all times material, a resident of the State of Texas, Brazoria County.

6.      Plaintiff worked for Defendant at its offices located at 8189 Old FM 542 Rd., Old Ocean, TX 77463.

7.      Defendant is a Texas for-profit organization with its principal place of business at 2331 Citywest Boulevard, Houston, TX 77042.

8.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On July 31, 2018, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against

Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). (*See* copy of Charge of Discrimination, attached hereto and incorporated herein as **Exhibit A**).

11.     Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12.     On March 27, 2019 the EEOC issued to Plaintiff a Notice of Right to Sue against Defendant. (*See* copy of March 27, 2019 Notice of Right to Sue, attached hereto and incorporated herein as **Exhibit B**).

13.     This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

14.     An EEOC filing automatically operates as a dual-filing with the Texas Workforce Commission.

## FACTUAL ALLEGATIONS

15.     Plaintiff was employed by Defendant for approximately seven years and three months, and at the time his employment was terminated Plaintiff held the position of Operator.

16.     While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

17.     Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

18.     From the outset of Plaintiff's employment, Defendant targeted Plaintiff due to Plaintiff's disability and treated Plaintiff in a disparate and discriminatory manner as compared to similarly situated non-disabled individuals.

19.     Plaintiff suffered from a serious medical condition that substantially limited one or more of Plaintiff's major life activities.

20.    At all times material to this action, Defendant was aware of Plaintiff's serious medical condition.

21.    In 2017, Plaintiff had back surgery on his L3, L4 and L5 vertebrae. Following Plaintiff's back surgery, Plaintiff returned to work, without issue.

22.    Thereafter, on or about April 8, 2018, Plaintiff injured his back on his day off. Plaintiff's injury constituted a disability under applicable law and severely limited one or more of Plaintiff's major life activities.

23.    On or about April 10, 2018 Plaintiff was evaluated by both Defendant's doctor and Plaintiff's personal doctor.

24.    Plaintiff provided Krystal King (Human Resources Representative), with his doctors' notes outlining his disability and serious medical condition.

25.    At that time, Plaintiff was not placed on any workplace restrictions.

26.    Subsequently, on or about April 16, 2018, Plaintiff requested protected medical leave under the Family Medical Leave Act of 1993 ("FMLA"). Plaintiff's FMLA start date was backdated to April 10, 2018.

27.    Plaintiff was out of work from April 8, 2018, through May 24, 2018 and engaged in the use of protected medical leave under the FMLA during this time.

28.    On or about May 24, 2018 Plaintiff was medically cleared to return to work. Plaintiff was ready, willing, and able to return to work.

29.    On May 25, 2018 Plaintiff was notified by Ms. King that he was not allowed to return to work until she informed him that he was able to return to work, despite Plaintiff's medical clearance outlining his ability to return to work. Defendant then placed Plaintiff on administrative leave, without pay and interfered with Plaintiff's rights under the FMLA by refusing to allow

Plaintiff to return to the same and/or similar position that he held prior to his use of leave under the FMLA.

30.     On June 8, 2018, Defendant sent Plaintiff a letter terminating his employment, without providing Plaintiff an opportunity to return to work.

31.     Plaintiff was terminated by Defendant after Plaintiff utilized protected leave under the FMLA.

32.     Defendant unlawfully terminated Plaintiff due to his disability and in retaliation for Plaintiff's request for and use of medical leave under the FMLA.

33.     Defendant's unlawful termination of Plaintiff's employment was in close temporal proximity to Plaintiff's disclosure of his disabling medical condition and use of protected medical leave under the FMLA.

34.     Defendant falsely alleged Plaintiff's termination was the result of a violation of policy. Notably, prior to Plaintiff's wrongful termination, Plaintiff had never received any disciplinary action and/or poor work performance evaluations; underscoring the pretextual context of Defendant's proffered reason for his termination.

35.     Similarly-situated non-disabled employees were treated more favorably than Plaintiff throughout his employment and were not terminated and/or disciplined for engaging in the same or similar conduct as Plaintiff was alleged to have done.

36.     Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

37. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and/or serious medical condition.

38. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

39. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

40. Plaintiff has been damaged by Defendant's illegal conduct.

41. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

43. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

44. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

47.　Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability.

48.　As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

49.　Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

50.　Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

51.　Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

52.　Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity, specifically Plaintiff's repeated reports regarding the discrimination and hostile work environment Plaintiff was experiencing.

53.　Defendant's conduct violated the ADA.

54.　Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by involuntarily terminating Plaintiff's employment.

55.　Defendant's conduct violates the ADA.

56.     Plaintiff has satisfied all statutory prerequisites for filing this action.

57.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

58.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

59.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## COUNT III: INTERFERENCE IN VIOLATION OF THE FMLA

60.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

61.     Plaintiff was an employee eligible for protected leave under the FMLA.

62.     Defendant is and was an employer as defined by the FMLA.

63.     Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

64.     Defendant interfered with Plaintiff's lawful exercise of Plaintiff's FMLA rights.

65.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

66.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

67.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

68.     Plaintiff was an employee eligible for protected leave under the FMLA.

69.     Defendant is and was an employer as defined by the FMLA.

70.    Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

71.    Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights.

72.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

73.    Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

**COUNT V: DISABILITY DISCRIMINATION IN VIOLATION OF THE TCHR**

74.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

75.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHR.

76.    Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

77.    Defendant is prohibited under the TCHR from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

78.    Defendant violated the TCHR by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

79.    Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability.

80.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHR, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

81. Defendant's unlawful conduct in violation of the TCHR is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**COUNT VI: RETALIATION IN VIOLATION OF THE TCHR**

82. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41, above.

83. Plaintiff engaged in protected activity under the TCHR on more than one occasion while employed by Defendant.

84. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

85. Defendant's conduct violates the TCHR.

86. The Plaintiff has satisfied all statutory prerequisites for filing this action.

87. Defendant's discriminatory conduct, in violation of the TCHR, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

88. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

89. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)      Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gabrielle Klepper**
Gabrielle Klepper, Esq.
Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.klepper@spielbergerlawgroup.com

*Attorneys for Plaintiff*