United States District Court
Southern District of Texas
**ENTERED**
November 15, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TRANCIT RODRIGUEZ, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-cv-00209 |
| | § | |
| PHILLIPS 66 COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

In June 2021, I recommended that Defendant's Motion for Summary Judgment be granted, and this case be dismissed. On July 13, 2021, United States District Judge Jeffrey V. Brown adopted my recommendation and issued a final judgment in favor of Phillips 66 Company ("Phillips 66").

Phillips 66 has filed a Bill of Costs as permitted by Federal Rule of Civil Procedure 54(d)(1), seeking a total of $5,237.39 in costs. *See* Dkt. 40. The breakdown for the requested costs can be summarized as follows:

| | |
|---|---|
| Subpoena/Deposition on Written Questions and Costs: | $1,695.93 |
| Copying Costs: | $669.00 |
| Deposition Costs: | $2,872.46 |
| **Total:** | **$5,237.39** |

Plaintiff Trancit Rodriguez ("Rodriguez") has submitted objections to Phillips 66's Bill of Costs, arguing that the amount of recoverable costs should be reduced to $2,843.80. *See* Dkt. 41. I now must decide the proper amount of costs to award.[1]

---

[1] Because a request to assess costs under Rule 54(d)(1) is considered a non-dispositive matter, I can issue an Opinion and Order as opposed to a Memorandum and Recommendation. *See Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:19-CV-1085-S, 2021 WL 2255901, at *1 (N.D. Tex. June 3, 2021) ("[O]bjections to a bill of costs . . . under Rule

## LEGAL STANDARD

As a general rule, there is a strong presumption that the prevailing party will be awarded costs. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, the Fifth Circuit has said that "the prevailing party is prima facie entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quotation omitted). To that end, Rule 54(d) provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The list of recoverable costs authorized by statute include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. § 1923; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

28 U.S.C. § 1920.

The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). A district court is given wide discretion to determine whether the prevailing party is entitled to an award of costs in a particular case. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir.

---

54(d)(1) and 28 U.S.C. § 1920 may be treated as nondispositive."); *Hakim v. Cannon Avent Grp., PLC*, No. 02-1371, 2007 WL 3120671, at *1 (W.D. La. Oct. 23, 2007) ("[D]istrict courts in this circuit have found that a motion taxing costs is a non-dispositive pretrial matter and have applied the clearly erroneous/contrary to law standard of review.").

1998). That being said, the denial of costs to a prevailing party is "in the nature of a penalty." *See Pacheco*, 448 F.3d at 794 (quotation omitted). As a result, a district court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Id.* (quotation omitted).

## ANALYSIS

According to Rodriguez, there are three categories of costs sought by Phillips 66 that should be reduced. I will address those areas one-by-one.

**A.    SUBPOENAS AND DEPOSITIONS ON WRITTEN QUESTIONS FEES**

First, Phillips 66 requests $1,695.93 in costs incurred in connection with subpoenas and depositions on written questions issued to six health care providers. Claiming that many of the costs spent on subpoenas and depositions on written questions were not reasonably necessary, Rodriguez asks that these costs be reduced to $1,041.14.

Generally speaking, the costs of depositions on written questions and subpoenas are considered recoverable costs. *See Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 11439074, at *10 (W.D. Tex. Oct. 7, 2015); *Hartnett v. Chase Bank of Tex. Nat. Ass'n*, No. 3–98–CV–1061–L, 1999 WL 977757, at *3 (N.D. Tex. Oct. 26, 1999). But, here, Phillips challenges certain charges reflected on the invoices provided by the service provider.

To start, Rodriguez objects to the $154.82 in shipping and processing fees and $10 for noticing attorneys of record. These charges, according to Rodriguez, are incidental costs that the Fifth Circuit has expressly prohibited a prevailing plaintiff from recovering. *See U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015) ("[I]ncidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920."). I agree, and thus disallow the $154.82 in shipping and processing fees and $10 for noticing attorneys of record.

Next, Rodriguez argues that $20 in fees related to copying images onto a compact disc are not allowable. Rodriguez is, once again, correct. Making an

electronic copy of documents is considered an incidental expense since it is typically not required, but rather incurred only for the convenience of counsel. *See Comput. Program & Sys. Inc. v. Wazu Holdings, Ltd.*, No. CV 15-00405-KD-N, 2019 WL 1119352, at *10 (S.D. Ala. Mar. 11, 2019) (holding that disc copies of depositions are not recoverable costs); *Harris Corp. v. Sanyo N. Am. Corp.*, No. 3-98-cv-2712-M, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002) (same). Therefore, Phillips 66 cannot recover the $20 in fees related to copying images onto a CD.

Finally, Rodriguez attacks a $469.97 "Document Access Service" fee, noting that Phillips 66 "has not provided an explanation or documentation detailing the purpose and necessity of" this cost. Dkt. 41 at 3. Based on the record before me, I concur. I am unable to determine what the "Document Access Service" entails, and I hate to hazard a guess. As the party seeking costs, Phillips 66 bears the burden of supporting its request with evidence demonstrating the "Document Access Service" fee was "necessarily obtained for use in the case." *Fogleman*, 920 F.2d at 286. Because Phillips 66 has failed to offer any explanation for the purpose or reasonableness of the "Document Access Fee," this cost must be disallowed.

All told, Phillips 66's request for $1,695.93 in costs associated with subpoenas and depositions on written questions must be reduced by $654.79 ($154.82 in shipping and processing fees + $10 for noticing attorneys of record + $20 for copying images onto a CD + $469.97 in "Document Access Service" fees). Accordingly, the proper amount of recoverable costs relating to subpoenas and depositions on written questions is $1,041.14.

**B.    COPYING FEES**

Next, Phillips 66 requests reimbursement for $669.00 in costs for in-house copying. The $669.00 figure is derived by multiplying the 4,460 copies made by Phillips 66 in connection with the litigation by the 15 cents per page fee its law firm charges.

Rodriguez recognizes that a prevailing party is allowed recovery of "[f]ees for exemplification[2] and copies of paper necessarily obtained for use in the case," 28 U.S.C. § 1920(4), but questions whether the 4,460 copies made by Phillips 66 were necessary for litigating the case. *See Fogleman*, 920 F.2d at 286 (While the prevailing party need not "identify every xerox copy made for use in the course of legal proceedings," it must demonstrate "that the reproduction costs necessarily result from [the] litigation."). According to the itemized breakdown of fees submitted with its Bill of Costs, Phillips 66 seeks to recover for two copies of every document. In the absence of any verification that multiple copies were necessary and not duplicative, I will allow only the costs attributable to making a single copy of such records. *See id.* ("The Foglemans should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines."). Accordingly, the $669.00 in copying expenses sought by Phillips 66 should be slashed in half to $334.50.

C. **RODRIGUEZ'S DEPOSITION COSTS**

Finally, Phillips 66 seeks to recover a total of $2,872.45 in costs incurred in connection with the depositions of Rodriguez and three of Phillips 66's witnesses. Rodriguez does not dispute the deposition costs for the three Phillips 66 witnesses (a total of $1,468.16) but does challenge the $1,404.30 in costs associated with Rodriguez's deposition.

As noted above, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(2). "[A] district [court] has great latitude in determining whether a deposition was

---

[2] I must admit that I had to look up the word "exemplification" in the dictionary to figure out its meaning. "Exemplification" means "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." *Exemplification*, BLACK'S LAW DICTIONARY (11th ed. 2019).

'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney." *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981) (quoting 28 U.S.C. § 1920(2)). My view is that the deposition of an opposing party must be considered "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). As such, the costs associated with obtaining the plaintiff's deposition transcript are proper costs.

Rodriguez readily concedes that the fees incurred in obtaining a stenographic copy of her deposition can be properly assessed as taxable costs. Her complaint is that she should not be required to bear the costs of both a written deposition transcript and a videotaped recording because Phillips 66 has failed to provide a valid explanation as to why a video recording of the deposition—in addition to the stenographic copy—was necessary and not duplicative. As a legal matter, Rodriguez is spot on. *See Gomez v. Massey*, No. 3:18-CV-00348, 2020 WL 2104700, at *3 (S.D. Tex. Apr. 23, 2020) ("In order for a party to recover the costs for both a written deposition transcript and a video recording, the prevailing party must show that both the written transcript and video were necessary for use in the case.").

All that said, Phillips 66 has provided only one invoice in connection with Rodriguez's deposition. *See* Dkt. 40-3 at 2. The invoice is from Discovery Resource in the amount of $1,404.30, and it relates solely to a written deposition transcript. *See id.* Indeed, the invoice expressly states that is for an "ORIGINAL TRANSCRIPT OF" Rodriguez's deposition. *Id.* Importantly, the invoice does not mention any videotaped deposition or reference any videographer fees. Although I recognize that the chart of itemized costs provided by Phillips 66 in connection with its Bill of Costs asserts that it is entitled to fees for an "original transcript and a videographer," Dkt. 40-1 at 2, the fact remains that the only evidence before me of deposition costs relates only to the written deposition transcript. Consequently, the $1,404.30 fee is proper and should be awarded as part of the costs in this case.

6

## CONCLUSION

For the reasons stated above, the following costs are allowed:

1. $1,041.14 for costs relating to subpoenas and depositions on written questions necessarily obtained for use in the case;
2. $334.50 for copying costs necessarily obtained for use in the case; and
3. $2,872.45 for written deposition transcripts necessarily obtained for use in the case.

The total allowed costs are $4,248.09. The Clerk is directed to tax costs in the amount of $4,248.09.

SIGNED this 15th day of November 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE